JHPDE Fin. I, LLC v Gonzalez (2024 NY Slip Op 50985(U))

[*1]

JHPDE Fin. I, LLC v Gonzalez

2024 NY Slip Op 50985(U)

Decided on April 19, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 19, 2024
Civil Court of the City of New York, New York County

JHPDE Finance I, LLC, Plaintiff,

against
Gonzalez, Defendant.

Index No. CV-026115-21/NY

Plaintiff's counsel: 
Mandarich Law Group, LLP
600 Essjay Road, Ste 200
Williamsville, NY 14221
pro se Defendant

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Plaintiff's motion for judgment ("Motion"), Plaintiff's Motion is DENIED.
II. Procedural History
Plaintiff commenced the instant action to collect $2,225.68 in consumer credit debt plus interest by filing a Summons and Complaint on October 22, 2021 (Exhibit A). On April 20, 2023, Plaintiff's filed the instant Motion and moved for an unspecified "Judgment" pursuant to CPLR 3215. Defendant did not oppose the Motion.
III. Discussion
Although Plaintiff submitted the instant Motion more than a year after Defendant failed to answer, this Court acknowledges the time needed to review, implement, and execute the new affidavit and mailing requirements generated by the passage of the New York Consumer Credit Fairness Act ("CCFA"). Given that CCFA kicked into effect in May 7, 2022, less than a year [*2]after the Summons and Complaint was filed and less than a year before the instant Motion was received by the court, the Court declines to deny the Motion on this ground and considers the Motion on the remaining issues.
Plaintiff pursuing a default judgment in a consumer credit matter must comply with 22 NYCRR 208.6 (h) which states:
"At the time of filing with the clerk the proof of service of the summons and complaint in an action arising from a consumer credit transaction, or at any time thereafter, the plaintiff shall submit to the clerk a stamped unsealed envelope addressed to the defendant together with a written notice, in both English and Spanish, containing the following language . . .
. . . The clerk promptly shall mail to the defendant the envelope containing the additional notice set forth in paragraph (1). No default judgment based on defendant's failure to answer shall be entered unless there has been compliance with this subdivision and at least 20 days have elapsed from the date of mailing by the clerk."
Note that the mailing requirement established in 22 NYCRR 208.6 (h) is separate and distinct from the additional mailing requirement established in CPLR 3215 (g), which involves mailing a copy of the Summons rather than the language of 22 NYCRR 208.6 (h). Based upon the record before this Court, Plaintiff has failed to establish that it is in compliance with 22 NYCRR 208.6 (h). Accordingly, Plaintiff's Motion is DENIED.
IV. Order
Accordingly, it is
ORDERED that Plaintiff's Motion is DENIED; and it is further
ORDERED that the Clerk shall schedule this mater for a pre-trial conference in Part 11C on the next available court date.
This constitutes the decision and order of this Court.
Dated: April 19, 2024
New York County
Honorable Wendy Changyong Li, J.C.C.